IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| GENE E. DUDLEY, Sr., | ) | |
| | ) | |
| Plaintiff, | ) | Case 4:11-00128-CV-DGK |
| | ) | |
| v. | ) | |
| | ) | |
| KANSAS CITY RESIDENTIAL | ) | |
| REENTRY CENTER, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This case involves allegations by Plaintiff Gene E. Dudley that Defendants Kansas City Community Center ("KCCC"), Charles Megerman, and John Doe wrongfully forced him to incur medical expenses during his stay at KCCC and delayed receipt of his legal mail. Now pending before the Court is Defendants KCCC and Megerman's Motion to Dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), or alternatively, to grant summary judgment pursuant to Fed. R. Civ. P. 56 (Docs. 14, 15, 19). After carefully considering this motion and Plaintiff's Answer and Request for Scheduling Conference for Good Cause Shown (Docs. 17, 18), Defendants' Motion is GRANTED.

**Background**

Defendant KCCC is a private Missouri facility operating under contract with the Federal Bureau of Prisons ("BOP") to provide a halfway house for prisoners reentering civilian life. On July 9, 2008, following his incarceration in federal prison, Plaintiff entered KCCC's residential re-entry program where Megerman was serving as Executive Director. During that time, Plaintiff alleges KCCC delayed delivery of his legal mail and wrongfully forced him to incur

medical expenses while participating in the residential treatment program.  On January 21, 2009, Plaintiff filed a lawsuit in the United States District Court for the District of Kansas against Defendants North Central Regional Office, the Office of General Counsel, Van Racy and Michael K. Nally (collectively, the "Federal Defendants") as well as KCCC and Megerman asserting these allegations.

On September 8, 2009, Judge John Lungstrom dismissed Plaintiff's claims against Defendants KCCC and Megerman for lack of personal jurisdiction.  *Dudley v. N. Cent. Reg'l Office*, No. 09-2027-JWL, 2009 WL 2914104 (D. Kan. Sept. 8, 2009).  Judge Lungstrom then granted summary judgment for the remaining defendants.  *Dudley v. N. Cent. Reg'l Office*, No. 09-2027-JWL, 2009 WL 3447249 (D. Kan. Oct. 21, 2009).  Judge Lungstrom also denied Plaintiff's motion for reconsideration, and Plaintiff filed a notice of appeal.  *Dudley v. N. Cent. Reg'l Office*, No. 09-2027-JWL, 2009 WL 5173951 (D. Kan. Dec. 21, 2009).  On July 21, 2010, the Tenth Circuit Court of Appeals fully affirmed Judge Lungstrom's decision with respect to all defendants.  *Dudley v. N. Cent. Reg'l Office*, 388 Fed. App'x 777, 780 (10th Cir. 2010).  Plaintiff now seeks to reassert his claims against Defendants KCCC and Megerman in this Court.

**Standard**

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of a lawsuit for failure to state a claim upon which relief can be granted.  "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Co. v. Twombly,* 550 U.S. 544, 570 (2007)).  The court, however, is not required to accept as true any allegation that is merely a legal conclusion.  *Iqbal,* 129 S. Ct. at 1949.  A claim must do more than state "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "a formulaic recitation of the elements of a

2

cause of action." *Id.* Rather, the complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. If the claim is only conceivable, not plausible, the court must dismiss. *Id*.

### A. Plaintiff fails to state a claim under 18 U.S.C. §§ 4013 through 4042.

Plaintiff asserts claims against Defendants pursuant to 18 U.S.C. §§ 4013 through 4042. The Court finds that Plaintiff has failed to state a claim upon which relief can be granted under any of these provisions.

18 U.S.C. §§ 4013(a) provides that "[t]he Attorney General, in support of United States prisoners in non-Federal institutions, is authorized to make payments from funds appropriated for Federal prisoner detention for necessary clothing . . . medical care . . . housing, car, and security . . . ." Plaintiff has no cause of action for damages under this statute. *See Hines v. United States Marshal Serv.*, No. 08-CV-404-DRH, 2009 WL 393789, at *3 (S.D. Ill. Feb. 16, 2009) ("the Court doubts that violations of § 4013 give rise to a private cause of action"); *Schwamborn v. County of Nassau*, No. 06-CV-6528, 2008 WL 4282607, at *1 n.1 (E.D.N.Y. Sept. 16, 2008) (observing that 18 U.S.C. § 4013 does not authorize a private cause of action). Rather than authorizing Plaintiff to bring damages, this statute merely describes the authority of the Attorney General to support prisoners in non-federal institutions. In fact, in a prior case involving Plaintiff himself, the United States District Court for the District of South Dakota came to this same conclusion, noting that 18 U.S.C. § 4013 "do[es] not provide Plaintiff a cause of action for damages, but rather describe[s] the general duties of the BOP." *Dudley v. Bureau of Prisons*, No. CIV 09-4024, 2009 WL 1390792, at *2 (D.S.D. May 18, 2009).

Plaintiff's claims pursuant to 18 U.S.C. § 4041 fail for the same reason. Like Section 4013, Section 4041 does nothing more than describe the authority of the Attorney General and

3

his relationship to the Bureau of Prisons. It does not provide any basis for Plaintiff's private cause of action. *See Dudley*, 2009 WL 3447249, at *5 (noting that 18 U.S.C. § 4041 "describes the relationship between the Bureau of Prisons and the Attorney General and therefore does not provide plaintiff any cause of action").

Defendants argue that 18 U.S.C. § 4014 similarly provides no private right of action. Regardless, Plaintiff's claim under this section must fail because § 4014, requiring the Attorney General to test all individuals convicted of a federal offense for human immunodeficiency virus, is inapplicable to Plaintiff's complaint. Accordingly, this claim must be dismissed.

Plaintiff's claims under 18 U.S.C. §§ 4015 through 4040 must also fail as those sections do not exist. *See also Dudley*, 2009 WL 3447249, at *5 (noting that 18 U.S.C. § 4040 does not exist).

Finally, Plaintiff asserts claims under 18 U.S.C. § 4042, which sets forth the general duties of the BOP. The Court agrees with Judge Lungstrom's analysis in Plaintiff's prior lawsuit that the only seemingly applicable provision of 18 U.S.C. § 4042 to Plaintiff's complaint is § 4042(a)(2) which "states that the Bureau of Prisons shall 'provide for the safekeeping, care and subsistence of all persons charged with or convicted of offenses against the United States. . .'" *Dudley*, 2009 WL 3447249, at *5. However, as Judge Lungstrom correctly concluded, the only cause of action under 18 U.S.C. § 4042 is against the United States under the Federal Torts Claims Act ("FTCA"). Because here, Plaintiff failed to demonstrate that he satisfied the exhaustion requirements to bring a claim under the FTCA, this claim must be dismissed. *See also Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001) (noting that in an FTCA action, "[t]he United States is the only proper defendant").

**B. Plaintiff fails to state a claim under 42 U.S.C. § 1983.**

Plaintiff also asserts in his Complaint that he is entitled to relief under 42 U.S.C. § 1983. However, Plaintiff cannot bring a § 1983 suit against Defendants KCCC and Mergerman because Defendants are federal, not state actors. "To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). KCCC is a federally-funded residential re-entry program, and Mergerman is its employee. Therefore, neither is acting "under color of state law," and accordingly § 1983 is inapplicable here.

**C. Plaintiff fails to state a *Bivens* claim against Defendants KCCC and Mergerman.**

Although Plaintiff cannot sustain a § 1983 action against Defendants, the Court recognizes that the complaint of a *pro se* litigant must be given a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Thus, recognizing that "a *Bivens* action is the federal law equivalent of an action under 42 U.S.C. § 1983," the Court also analyzes whether Plaintiff can sustain a *Bivens* action against either Defendant. *Piciulo v. Brown*, No. 4:05CV46, 2005 WL 1926688 (E.D. Mo. May 25, 2005) (citing *Vennes v. An Unknown No. of Unidentified Agents*, 26 F.3d 1448, 1452 (8th Cir. 1994).

Plaintiff fails to state a *Bivens* claim against Defendant KCCC because it is a private entity, and private parties are not proper defendants in *Bivens* actions. In fact, the United States Supreme Court has spoken directly on this issue. In *Correctional Services Corporation. v. Malesko*, the Supreme Court held that there is no implied private right of action pursuant to *Bivens* for damages against a private entity operating a halfway house under contract with the BOP that engaged in alleged constitutional deprivations. 534 U.S. 61, 63-64, 71 (2001).

5

Accordingly, the Supreme Court's decision in *Malesko* bars Plaintiff's claim against KCCC on this ground.

Plaintiff is also barred from bringing a *Bivens* action against Mergerman in his official capacity. First, it is unlikely that Plaintiff has a private right of action here. While the Eighth Circuit has not yet held that individuals have no private right of action for damages under *Bivens* against employees of a private facility, other circuits have. *See Alba v. Montford*, 517 F.3d 1249, 1254-55 (11th Cir. 2008); *Holly v. Scott*, 434 F.3d 287, 295-97 (4th Cir. 2006). Even if Plaintiff could sustain a private right of action against Mergerman, however, Plaintiff has failed to allege any facts suggesting that Mergerman participated in any acts that violated Plaintiff's constitutional rights. Because there is no *respondeat superior* in *Bivens* actions, defendants can be held liable for their personal acts only. *Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998). Thus, Plaintiff fails to set forth facts establishing that Mergerman directly and personally participated in delay of mail receipt or the imposition of wrongful medical charges, and accordingly Plaintiff's Complaint fails to allege sufficient facts to state a plausible *Bivens* cause of action.

**D. Plaintiff fails to state a claim under the Second Chance Act of 2007.**

Plaintiff's final theory of relief is premised on the Second Chance Act of 2007 which provides that "the Bureau of Prisons should ensure that each prisoner in a community confinement facility has access to necessary medical care, mental health care, and medicine through partnerships with local health service providers and transition planning." 18 U.S.C. § 3621(g)(1). Like Plaintiff's claims under 18 U.S.C. §§ 4013 and 4041, however, nothing in the text, structure, or history of this Act suggests that it gives Plaintiff a private right of action to

6

pursue a claim against the BOP or a private entity such as KCCC. Thus, the Court finds the Second Chance Act insufficient to sustain Plaintiff's complaint against Defendants. *See, e.g.*, *Gonzaga Univ. v. Doe*, 536 U.S. 273, 286 (2002) ("where the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit, whether under § 1983 or under an implied right of action"); *Thompson v. Thompson*, 484 U.S. 174, 179 (1988) ("'Unless this congressional intent can be inferred from the language of the statute, the statutory structure, or some other source, the essential predicate for implication of a private remedy simply does not exist.'").

Like the potential *Bivens* claim, however, even if the Second Chance Act did give Plaintiff a private right of action against a privately-owned entity such as KCCC, Plaintiff never alleges specific facts sufficient to sustain a claim that KCCC denied him access to medical care or forced him to incur medical bills as a result of his treatment at the residential facility. Accordingly, Plaintiff's complaint must be dismissed.

**E. The Court declines to consider Plaintiff's additional claims raised in his Answer to Defendants' Motion to Dismiss**

In Plaintiff's "Answer to Defendants' Motion to Dismiss," Plaintiff asserts new constitutional due process claims against KCCC (Doc. 17). Specifically, he argues that he was denied appropriate relief at the administrative level and access to judicial review in violation of 42 U.S.C. § 1997 et seq. and 28 C.F.R. § 542. Plaintiff also cites 42 U.S.C. § 1985 as a basis for relief. As the Court noted before, *pro se* plaintiff's pleadings are held to less stringent standards than formal pleadings drafted by lawyers. *Haines*, 404 U.S. at 520. However, *pro se* plaintiffs are not entirely relieved of the requirements imposed on individuals represented by counsel. *Herrera v. Zavares*, No. 09-cv-01229-MSK-KLM, 2010 WL 3853312, at *3 (D. Colo. Sept. 28,

7

2010).  Plaintiff's additional claims fail because they do not allege sufficient facts upon which a recognized legal claim could be based.  *Iqbal*, 129 S. Ct. at 1949-50 (2009).  In addition, these claims should be rejected because allowing Plaintiff to continually revise his claims by asserting new causes of action in each additional brief would be unfair to Defendants.

## Conclusion

Plaintiff fails to state a claim upon which relief can be granted under any of theory of relief.  Accordingly, Defendants' Motion to Dismiss is GRANTED.  The case is DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Dated: November 30, 2011                    ___/s/ Greg Kays_____
                                            GREG KAYS,
                                            UNITED STATES DISTRICT JUDGE